# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOM P. COLEMAN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DIANA BUTLER, Warden,<br><br>　　　　　Respondents.<br>_____/ | CV F  03-5780 DLB HC<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE APPEAL, DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY, AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[Docs. 34, 35] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On September 13, 2005, Petitioner's amended petition for writ of habeas corpus was denied and judgment was entered. On October 21, 2005, Petitioner filed a motion to extend time to file an appeal, a request for a certificate of appealability, and a motion for the appointment of counsel.[1] (Court Docs. 34, 35.)

A.　Request for Extension of Time

A notice of appeal must be filed by the district clerk within 30 days after the judgment or order appealed from is entered. See FRAP 4(a)(1)(A). However, the district court may extend time to file a notice of appeal if a party moves no later than 30 days after the time for filing a notice of appeal expires, and the party shows excusable neglect or good cause. See FRAP

---

[1] Petitioner self-dated his documents October 16, 2005.

1

4(a)(5)(A). Petitioner filed his motion to extend time on October 21, 2005, which was less than 30 days after the expiration time for filing his appeal. In his motion to extend time, Petitioner shows good cause for the extension, citing his inability to access the law library due to prison lock-downs over which he has no control. Accordingly, good cause having been presented to the court, and GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that Petitioner's motion to extend the time to file the appeal is GRANTED nunc pro tunc to October 21, 2005.

B.      Request for Certificate of Appealability

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, Petitioner's request for a certificate of appealability is DENIED.

C.      Request for Appointment of Counsel

With regard to Petitioner's request for the appointment of counsel to assist in his request for a certificate of appealability, it is DENIED. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481

2

1  (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert.
2  denied, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A authorizes the appointment of
3  counsel at any stage of the case "if the interests of justice so require."  See, Rule 8(c), Rules
4  Governing Section 2254 Cases.  In the present case, the amended petition has been denied and
5  the Court finds no basis to grant a certificate of appealability; therefore, the Court does not find
6  that the interests of justice would be served by the appointment of counsel to assist Petitioner
7  with his request for a certificate of appealability.  Accordingly, petitioner's request for
8  appointment of counsel is DENIED.

9       To the extent Petitioner requests appointment of counsel to assist in his appeal, although
10 the district court may appoint counsel for an indigent pro se litigant in a civil appeal pursuant to
11 28 U.S.C. § 1915(e)(1) in cases presenting exceptional circumstances, see, United States v.
12 McQuade, 647 F.2d 938, 940 (9th Cir. 1981), it is not necessary for the Petitioner to seek such
13 relief in the district court in the first instance.  In any event, as counsel was not appointed in the
14 district court for this action, it is more efficient and appropriate for the appellate court to address
15 issues relating to counsel for the appeal.

17      IT IS SO ORDERED.

18      Dated:   October 27, 2005                    /s/ Dennis L. Beck
    3b142a                                      UNITED STATES MAGISTRATE JUDGE